UNITED STATES of America, Plaintiff—Appellee,

v.

Richard Eugene BISWELL, Defendant—Appellant.

No. 01–30184.

D.C. No. CR–00–30042–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 22, 2002.

---

\* The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

5. *Cf. Stites,* 56 F.3d at 1025.

6. *Wheat,* 486 U.S. at 163, 108 S.Ct. 1692.

7. 223 F.3d at 990.

8. *United States v. Smith,* 282 F.3d 758, 765 (9th Cir.2002) (citations omitted).

Before TROTT and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Richard Eugene Biswell (Biswell) appeals his conviction of one count of possession with intent to distribute methamphetamine and one count of being a felon in possession of a firearm. We affirm the district court.

### I. *Denial of a Franks [1] Hearing*

Because the parties are familiar with the facts, we do not recount them here. This case is nearly on all fours with *United States v. Reeves.*[2] In both cases, an informant's criminal convictions for crimes involving dishonesty were omitted from an affidavit supporting a request for a search warrant.[3] The *Reeves* court recognized that judges must have all available, relevant information, including criminal histories, to aid them in making probable cause determinations.[4] Howev-

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

2. 210 F.3d 1041 (9th Cir.), *cert. denied,* 531 U.S. 1000, 121 S.Ct. 499, 148 L.Ed.2d 470 (2000).

3. *Id.* at 1044, 1046 n. 1 (noting that not including a CRI's criminal history in affidavits was a JACNET practice).

4. *Id.* at 1046.

er, the court held that when an informant has previously provided accurate information to the police that led to arrests and seizures of drugs, that fact can bolster the reliability of the current information and diminish the importance of the informant's past criminal history.[5] Thus, the *Reeves* court concluded that the omission of the informant's criminal history was not material to the probable cause determination.

Similar to *Reeves*, the countervailing evidence in the Holtus affidavits related to the informant's past assistance in obtaining warrants, arrests, and seizures of methamphetamine. Because the informant's previous assistance and assistance in this case both involved information about drug activity, "the inference of trustworthiness is even stronger."[6] We conclude that this assistance is sufficient to counteract the informant's crimes of dishonesty and to support the issuance of the Virginia Street search warrants.

## II. *Probable Cause for the Barnett Road Search*

Biswell's contention that the information supporting the search warrant was stale is without merit. As a general rule of law, particularly in drug cases, the mere passage of time does not negate probable cause.[7] As long as there is a reasonable belief that drug related evidence may be at a particular location, a search warrant is not stale.[8] In one case, an affidavit indicating that the last suspected drug activity occurred weeks before the issuance of the warrant was sufficient to establish probable cause.[9] The passage of up to five days from the informant's controlled buy until the warrant's execution is well within these ranges. Thus, the district court did not err in finding probable cause.

Furthermore, the affidavit was based on information from a reliable CRI and on the belief of an experienced agent.[10] The controlled buy established Goldate as a dealer, and the CRI saw Biswell with a dealer's amount of methamphetamine. If a proven dealer of narcotics is known to reside at a certain place, and a co-resident is seen with a large quantity of drugs, it is reasonable to believe that other evidence of drug activity will be found in the home.[11] It is clear that the district court did not err in finding that the affidavit established probable cause to issue the Barnett Road warrant.

The judgment of the district court is AFFIRMED.

---

5. *Id.* at 1045.

6. *Id.* (*citing United States v. Angulo–Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986) ("If the informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions. When the information provided in the past involved the same type of criminal activity as the current information, the inference of trustworthiness is even stronger.") (emphasis omitted)).

7. *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir.1987).

8. *Angulo–Lopez*, 791 F.2d at 1399.

9. *Id.*

10. *See Burnes*, 816 F.2d at 1357 ("Opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation . . . ."). *See also United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir.1995) ("[T]he court issuing the warrant is entitled to rely on the training and experience of police officers.").

11. *Angulo–Lopez*, 791 F.2d at 1399.